Matter of the Appraisal under Transfer Tax Acts of the Property of Frazier M. Dolbeer, Deceased.

(Surrogate's Court, Kings County, July, 1918.)

Transfer tax — what subject to — husband and wife — savings bank — joint tenants — Tax Law, § 220(7), as amended in 1915.

Where on March 30, 1916, a savings bank account was opened in the names of decedent and his wife " and the sur-vivor of them as joint tenants " only one-half of the sum on deposit to the credit of the account at his death is subject to a transfer tax under section 220 (7) of the Tax Law, as amended in 1915.

Appeal from an order fixing the transfer tax.

Misc.]     Surrogate's Court, Kings County, July, 1918.

Edward S. Clinch, for executrix, Hannah L. Dolbeer.

L. A. Wray (Francis H. Warland, of counsel), for State Comptroller.

KETCHAM, S.   This is an appeal by the executors from the order fixing the transfer tax so far as it includes as a taxable transfer the entire sum of $23,040.12.   This amount is the balance left at the decedent's death in an account which was opened on. March 30, 1916, in the names of the decedent and his wife, as follows: '' Frazier M. Dolbeer and Hannah L. Dolbeer and the survivor of them as joint tenants.''

It is contended by the comptroller that the entire sum on deposit in the joint names of the decedent and his wife was taxable on the former's death. Tax Law, § 220, subd. 7, as amd. by Laws of 1915, chap. 664. This subdivision of section 220 is as follows:

'' 7. Whenever intangible property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely .to the deceased tenant by the entirety, joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will.''

Surrogate's Court, Kings County, July, 1918.    [Vol. 104.

It is clearly intimated in *Matter of McKelway,* 221 N. Y. 15; *Matter of Teller,* 178 App. Div. 450, and *Matter of Moebus,* Id. 709, that the surviving joint· tenant of a bank deposit, whether the account was opened before or after the amendment quoted *supra* took effect, was possessed of an undivided one-half of the deposit at all times after the deposit was made; that the only thing which comes to the surviving joint tenant upon the death of the co-tenant is the right of the latter, and since no transfer is effectuated by the death as to the one-half always owned by the survivor, a transfer·tax is not to be imposed thereon.

These views, although not essential to the decisions in the cases cited, are too express and rational to be disregarded by this court, and they influence, if they do not compel, the conclusion that the order should be so far modified as to include as a taxable transfer only one-half of the sum of $23,040.12.

Order modified.