Matter of Estate of ELLA STEIN CHASE, Deceased.

(Surrogate's Court, New York County, July, 1920.)

Transfer tax — tenancy by the entirety taxable as a whole — appeal — Tax Law, § 220(7).

> Where a tenancy by the entirety was created after the amendment of 1916 to section 220(7) of the Tax Law took effect, the interest to which the husband succeeded upon the death of his wife is the same irrespective of the amount of his investment, and the entire property is subject to a transfer tax.

APPEAL from an order assessing the transfer tax.

Henry A. Uterhart (Alfred M. Schaffer and Irvin Waldman, of counsel), for appellant.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S. This appeal is taken by the husband of the decedent individually and as executor of her

estate from the report of the transfer tax appraiser and the order assessing the tax, on the ground that the equity in a parcel of real estate owned by decedent and the appellant as tenants by the entirety was assessed on the whole amount thereof. The husband took title to the premises on December 30, 1916.

He transferred them by deed dated October 11, 1917, to one Alfred M. Shaffer, who on the same day conveyed the property to the decedent and her husband as tenants by the entirety.

By the amendment of subdivision 7 of section 220 by chapter 323 of the Laws of 1916 it is provided:

" Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, * * * upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants * * * to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety * * * and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants * * * by such deceased tenant by the entirety, joint tenant * * * by will.''

In *Matter of Moebus,* 178 App. Div. 709, the court, dealing with a tenancy by the entirety created prior to the taking effect of this amendment in the estate of a tenant who died subsequent thereto, held that the tax could be imposed on half only of the value of the property in question. In *Matter of McKelway,* 221 N. Y. 15, the Court of Appeals had before it a similar situation with reference to a joint account and decided that the tax must be limited to half the amount, because the taxation of the entire fund would impair the

rights of the survivor which had accrued prior to the enactment of the law, citing *Matter of Pell,* 171 N. Y. 48, and *Matter of Lansing,* 182 id. 238.

It was held in *Matter of Dolbeer,* 226 N. Y. 623, that the entire amount of a joint bank account created subsequent to the statute providing for the taxation of the whole sum was subject to the tax. That decision is controlling in the present case. The appellant herein, relying on certain *dicta* in the opinion of the court in the *Dolbeer* matter, contends that because the property represented an investment of his money alone the tax should not be imposed on the entire value, but on half thereof. I do not think that it was intended by the court that its decision should not cover a case like the present one. The rights of the husband and his wife, respectively, in the property during her lifetime were not affected by the extent of the husband's contribution to its acquisition, and the interest to which he succeeded on the death of his wife was the same irrespective of the amount of his investment.

The report of the appraiser is correct and the order fixing the transfer tax will be affirmed.

Order affirmed.