In the Matter of the Transfer Tax upon the Estate of EDMUND D. TELLER, Deceased.

COMPTROLLER OF THE STATE OF NEW YORK, Appellant; LENA TELLER, Individually and as Executrix, etc., Respondent.

First Department, June 8, 1917.

**Tax — transfer tax — mortgages and moneys owned by husband and wife as joint tenants — subdivision 7, section 220 of Tax Law, construed.**

Mortgages held by husband and wife " jointly and to the survivor of them " and also moneys, the proceeds of said mortgages, which have been deposited in a bank in the joint names of the husband and wife subject to withdrawal by the check of either, are, on the death of one of the joint tenants, subject to a transfer tax on the undivided half interest of the decedent, passing to the survivor.

Although subdivision 7 of section 220 of the Tax Law, as added by chapter 664 of the Laws of 1915, went into effect after said mortgages were executed,

said statute applies on the taxation of the transfer, for the undivided half interest only passes upon the death of a cotenant, and hence the statute is not made retroact've.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 7th day of December, 1916, reversing a prior order fixing the transfer tax herein.

*Alexander Otis* [*Schuyler C. Carlton* with him on the brief], for the appellant.

*Walter B. Solinger* [*Fernando Solinger* with him on the brief], for the respondent.

LAUGHLIN, J.:

The testator died on the 23d of February, 1916, leaving by a last will and testament his entire estate, with the exception of some articles of jewelry, to his wife and naming her his executrix. He and his wife owned realty as tenants by the entirety but the appeal relates only to the personalty. The question presented for decision relates to whether certain of the *personal* property was owned by the testator and his wife as tenants in common or jointly and to what extent, if any, it is taxable.

The only evidence with respect to such ownership is contained in a schedule annexed to the affidavit of the executrix made in this proceeding for the determination of the tax to be paid, and the affidavit of one of her attorneys with respect to a certain mortgage omitted from the schedule. The property in question consists of a bank account and mortgages. It is stated generally in the schedule that jointly with his wife and subject to check by either of them he had a deposit account with the Broadway Trust Company of a specified amount upon which a specified amount of interest had accrued to the date of his death; that the money was partly the income derived from the rents of real estate owned by them as tenants by the entirety and partly the income of mortgages " held by them jointly and to the survivor of them;" that all deposits made in the account were used by

them for their "joint account without any apportionment as to the amount which either of them might use and without either accounting to the other for the manner in which it was used or the purpose for which the same was used;" and that the money belonged to them "as joint tenants, and upon the death of the decedent" the survivor became the sole owner thereof. There were six mortgages on real property, aggregating $74,000 with $1,244.09 accrued interest, all running to "Edmund D. Teller and his wife, Lena Teller," and that was also the recital of the habendum clause in each with the addition of the words "and the survivor." There was another mortgage for $60,000 with $1,310.15 accrued interest, running to them in the same form, but it does not appear that the habendum clause contained any reference to the survivor. The schedule, however, asserts ownership thereof in the widow as survivor. There was another mortgage, omitted from the schedule, for $5,000 with $40.48 accrued interest, running to them in the same form, but it does not appear that there was any reference in the habendum clause to the survivor although it is assumed in the briefs that it contains the same provision in the habendum clause as the six mortgages to which reference has been made.

The appeal presents the question as to whether the bank account and the mortgages were taxable, and if so to what extent, under the provisions of subdivision 7 of section 220 of the Tax Law (Consol. Laws, chap. 60, Laws of 1909, chap. 62), as added by chapter 664 of the Laws of 1915, which took effect on the twentieth day of May, that year. The provisions of that subdivision are as follows: "Whenever intangible property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety,

joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will." The mortgages were all executed prior to the enactment of the statute, but it does not appear when the bank account was opened or any of the money was deposited. The transfer tax appraiser held that the bank account and all of the mortgages were taxable for the full amount, but the Surrogate's Court ruled that they were held by the testator and his wife jointly and that the statute is not to be construed as retroactive, and, therefore, they were not taxable. When this appeal was argued it seemed necessary to decide whether the ownership of the property was in the testator and his wife as tenants in common or jointly; but a decision of the Court of Appeals in *Matter of McKelway* (221 N. Y. 15), I think, disposes of all the questions involved on this appeal. That proceeding involved the taxability of personal property held by McKelway and his wife jointly, some of which they acquired before and some after the enactment of this statute, and his death was subsequent to the time the statute took effect. There, as here, the tax appraiser ruled that the property was taxable for its full value as though it passed under the will, and the Surrogate's Court reversed the ruling on the theory that the only transfer from McKelway was during his lifetime on the creation of the joint tenancy and before the enactment of the statute. The Appellate Division affirmed (176 App. Div. 929), but the Court of Appeals reversed, holding that the property was taxable to the extent of one-half of its value, on the theory that a joint owner of *personal* property may dispose of his own interest during his lifetime, and that the doctrine of survivorship applies only if the jointure is not thus severed, and that, therefore, the absolute ownership of the undivided half of the joint property which the deceased joint owner might have disposed of passed to the survivor upon his death, and not until then. The effect of that decision is that the surviving joint tenant has at all times been the owner of an undivided half interest subject to the right of his cotenant to take by survivorship and that, therefore, that undivided interest was not taxable but that the survivor succeeds to

the absolute ownership of the other undivided half interest only by and upon the death of his cotenant, and that, therefore, such interest is taxable. On that construction of the statute no constitutional question arises, for it does not become retroactive; and since an undivided half interest would be taxable if they held the property as tenants in common the same result follows.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the order of the tax appraiser modified by imposing a tax to the extent of one-half the value of the interest taxed as reported by him, and as so modified, affirmed.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and order of tax appraiser modified as stated in opinion, and as modified affirmed. Order to be settled on notice.