### KISSAM et al. v. McELLIGOTT.

(District Court, S. D. New York. December 29, 1920.)

1. **Joint tenancy** ☞3—**Assignments of mortgages and corporate bonds held to create "joint tenancy."**

   Assignments of bonds and mortgages and corporate bonds to two persons and their survivor, and such survivor's executors, administrators, and assigns, with habendum, in one case, to the party of the second part and the executors, personal representatives, and assigns of such party, and in the other case to their survivor and such survivor's executors, administrators, and assigns, and with a provision that the survivor should become the absolute owner, and that neither of the assignees should have power to affect the right of the survivor, created a "joint tenancy" with right of survivorship, under Real Property Law N. Y. § 66.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Joint Tenancy.]

2. **Joint tenancy** ☞1—**Joint ownership of personal property recognized in New York.**

   A joint ownership of personal property, analogous to a joint estate in lands, is recognized in New York.

3. **Perpetuities** ☞7(1)—**Provision that joint tenant should not have power to affect right of survivor held not restraint on transfer.**

   A provision, in an assignment of mortgages and corporate bonds to two persons as joint tenants, with right of survivorship, that they should have no power to affect the right of the survivor thereto, must be construed either as an idle promise, or as an agreement by them not to exercise the power to sever the jointure, and not as a restraint of alienation or transfer, as, so construed, it would be void.

4. **Joint tenancy** ☞6—**Joint owner held to own one-half of property, and to gain nothing with regard thereto by other's death, except elimination of interest.**

   Where personal property was assigned to two persons jointly, with right of survivorship, one of them owned one-half the property, with right to dispose of it, and she gained nothing in regard to such one-half by the death of the other joint owner, except as his interest was thereby eliminated.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Internal revenue ⬅8—Tax on estates held a "succession tax."**

Under Act Sept. 8, 1916, § 202, imposing a tax on the value of the gross estate of decedents, the tax imposed is a succession tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Succession Tax.]

**6. Internal revenue ⬅8—Estate tax relates to estates thereafter created.**

Act Sept. 8, 1916, § 201, providing that the tax thereby imposed is imposed on the transfer of the net estate of every decedent dying after the passage of the act, relates to estates thereafter created, and not to then existing vested property.

**7. Internal revenue ⬅8—Share of property owned by joint owner prior to other's death not taxable as part of estate.**

Under Act Sept. 8, 1916, §§ 201 and 202, imposing a tax on the estate of decedents, including property to the extent of the interest therein, held jointly by decedent and any other person, where personal property was owned by decedent and another jointly under assignments executed prior to the passage of the statute, the part of the property from which the survivor received the income prior to decedent's death was not taxable as a part of the estate, whether her ownership was the result of a gift or of a contribution by her of that part of the property embraced within the joint tenancy.

At Law. Action by Cornelia B. Kissam and another, as executrix and executor of Jonas B. Kissam, deceased, and Cornelia B. Kissam, individually and as sole beneficiary, against Richard J. McElligott, as late Acting Collector of Internal Revenue for the Third District of New York. On motion by plaintiffs for judgment on the pleadings on the first cause of action. Granted.

Stark B. Ferriss, of New York City (Joseph T. Stearns, of New York City, of counsel), for the motion.

Francis G. Caffey, U. S. Atty., of New York City (Richard S. Holmes, Sp. Asst. U. S. Atty., of New York City, and Wheaton Augur, Sp. Asst. U. S. Atty., of counsel), opposed.

MAYER, District Judge. The action is brought to recover an additional tax assessed by the Commissioner of Internal Revenue against the estate of Jonas B. Kissam, deceased, and paid by the plaintiffs as executrix and executor of the last will and testament of said Jonas B. Kissam, deceased, to defendant upon compulsion and under protest.

Plaintiffs, as executors of the will of Jonas B. Kissam, deceased, on May 16, 1918, filed their return under the Federal Estates Tax Law (Act of Congress entitled "An act to increase the revenue and for other purposes," approved by the President September 8, 1916 [39 Stat. 756]) as the same was amended by title III of the act of Congress entitled "An act to provide increased revenue to defray the expenses of the increased appropriations for the army and navy and the extensions of fortifications and for other purposes," approved by the President March 3, 1917 [39 Stat. 1000]), and paid a tax of $5,354.14, less a discount of $11.89, for advance payment. Said return included one-half the value of certain property which was jointly owned by the decedent and the plaintiff Cornelia B. Kissam, to wit, the one-half from which the said decedent received the income in his lifetime.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On May 9, 1919, the Commissioner of Internal Revenue assumed to impose an additional assessment against said estate, by increasing the valuations of said jointly owned property, by including also the value of the one-half thereof from which the plaintiff Cornelia B. Kissam derived income, such increases amounting to $202,812.37, and assumed to impose an additional assessment of tax on said estate, amounting to $13,668.60. A claim for abatement was duly filed, and the executors on June 13, 1919, paid the whole additional tax assessed as aforesaid; $13,668.60, under protest, and thereafter duly demanded a refund of $12,840.69 of the amount so paid, which claim for refund was denied.

The bonds and mortgages and corporate bonds mentioned in the first cause of action constitute a portion of said jointly owned property. On July 15, 1912, the decedent was the owner of said bonds and mortgages and corporate bonds, and on that day assigned and transferred all of said bonds and mortgages and corporation bonds to John C. Knox. On July 19, 1912, Knox assigned and transferred said bonds and mortgages to Jonas B. Kissam (the decedent) and Cornelia B. Kissam (one of the plaintiffs) as joint tenants, and on August 13, 1912, Knox assigned and transferred said corporate bonds to them as joint tenants in like manner.

The Commissioner of Internal Revenue, in making such additional assessment, assumed to act under section 202 of said Estate Tax Law, which, so far as material, reads as follows:

"Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent."

The question raised by the demurrer to the first cause of action is whether, under section 202 of the Estate Tax Law quoted, the entire value of the bonds and mortgages should be returned, or only the value of the one-half interest therein from which the decedent received the income; the defendant and the Commissioner of Internal Revenue claiming that the entire value of the property should be returned, and the plaintiffs contending that the Federal Estate Tax Law should be construed as not affecting the one-half interest in said property from which said Cornelia B. Kissam always (since 1912) received the income, on the ground that her said one-half interest in said jointly owned property was vested in said Cornelia B. Kissam in individual ownership in July and August, 1912, four years before the passage of the Estate Tax Law, and remained her individual property to the time of decedent's death, and was not, in fact or law, a part of the estate of the decedent.

[1] The first cause of action is to recover that portion of such additional tax which is based on the assessment of the Cornelia B. Kissam one-half interest in the bonds and mortgages and corporate bonds, and demands judgment for $11,819.74. There are four causes of action,

and defendant has demurred to the first and fourth. The demurrer to the first cause of action will be considered.

The bonds and mortgages mentioned in the first cause of action were assigned in July and August, 1912, to Jonas B. Kissam and Cornelia B. Kissam by several assignments of mortgage, the granting clauses of which ran to them (who were therein designated as "party of the second part") and to "their survivor, such survivor's executors, administrators, and assigns," and the habendum clauses of which assignments, ran to them, viz. "to the party of the second part and to the successors, personal representatives, and assigns of said party of the second part forever," and each of said assignments contained a clause after the habendum stating:

"It is the intention of this assignment that the survivor of the said Jonas B. Kissam and Cornelia B. Kissam shall become the absolute owner to affect the right of the survivor thereto."

The corporate bonds mentioned in the first cause of action were assigned to them in August, 1912, by one assignment, the granting clause of which ran, "unto the said Jonas B. Kissam and Cornelia B. Kissam, their survivor, such survivor's executors, administrators, and assigns," and the habendum clause in which ran to them, "their survivor, such survivor's executors, administrators, and assigns forever," and said assignment contains a clause after the habendum reading as follows:

"It is the intent of this instrument that the survivor of the said Jonas B. Kissam and Cornelia B. Kissam shall become the absolute owner of said bonds, and that neither the said Jonas B. Kissam nor the said Cornelia B. Kissam shall have power to affect the right of the survivor thereto."

In New York:

"Every estate granted or devised to two or more persons in their own right shall be a tenancy in common unless expressly declared to be a joint tenancy." Real Property Law of New York (Consol. Laws, c. 50) Laws 1909, c. 52, § 66.

In Mills v. Husson, 140 N. Y. 99, 104, 35 N. E. 422, 424, it was held:

"The statute declaring that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy, applies to personal estate."

In Overheiser v. Lackey, 207 N. Y. 229, 233, 100 N. E. 738, 739 (Ann. Cas. 1914C, 229), the court said:

"It was held at an early date, however, in this state that the provision of the Revised Statutes which has been quoted did not necessarily require that the words 'joint tenancy' should be used in a grant or devise to create an estate of that character provided any other expression clearly importing such an intent was employed. * * *"

[1] It is clear from the language used in the instruments, supra, that the ownership of the securities was one of joint tenancy, with right of survivorship. The nature and character of a joint tenancy has naturally been often defined, from Coke on Littleton, § 288 (186a) and section 281 (182a), to the modern writers. Blackstone's Commentaries, Book II, c. XII, par. II (Chase's Blackstone [3d Ed.] p. 363); Reeves

on Real Property, § 680; Tiedeman on Real Property, § 117; Schouler's Personal Property (1884) §§ 160 and 163.

[2] That "there is joint ownership of personal property analogous to a joint estate in lands" is well recognized by the New York courts. Matter of McKelway, 221 N. Y. 15, 18, 116 N. E. 348, 349 (L. R. A. 1917E, 1143). The legal status of such an ownership is succinctly stated by Judge Pound in the McKelway Case, supra,:

"Joint tenants, by reason of the combination of entirety of interest with the power of transferring in equal shares, are said to be seized per my et per tout, or by the half and the whole; but tenants by the entirety are seized per tout et non per my, and the conveyance by either husband or wife will have no effect against the other, if survivor. Hiles v. Fisher, 144 N. Y. 306. Upon the vesting of an estate by the entirety, both tenants become seized of the whole estate, and upon the death of one the survivor acquires no new or additional interest by survivorship. Matter of Klatzl, supra. But joint ownership in personal property may be severed by the act of one in disposing of his interest. If the interest of one joint owner passes to a third party he and the other joint tenant become tenants in common. The doctrine of survivorship applies only if the jointure is not severed. Williams on Personal Property, pp. 302–306. The undivided half of this joint property which Mr. McKelway might have effectually disposed of at any time during his life never passed into the absolute ownership of his wife until her husband's death."

[3] The clause in the assignment, supra, "it is the intent of this instrument * * * that neither the said Jonas B. Kissam nor the said Cornelia B. Kissam shall have power to affect the right of the survivor thereto," cannot be considered as in restraint of alienation or transfer. If so, it would be void. It must be construed either as an idle promise, so far as concerned survivorship, or as a recognition of the power of each to sever the jointure by assigning his or her interest and an agreement not to exercise this power. Whether such agreement would be valid or effective is here immaterial.

[4] The situation, therefore, is that Cornelia B. Kissam owned one-half the property. This she had the right to dispose of, and from this she received the income.

"She gained nothing in regard thereto by the death of her husband, except as the jus accrescendi eliminated his interest." Matter of McKelway, supra; Matter of Teller, 178 App. Div. 450, 453, 165 N. Y. Supp. 517; Matter of Moebus, 178 App. Div. 709, 165 N. Y. Supp. 887; Blackstone's Commentaries, Book II, c. XII, par. II; Chase's Blackstone (3d Ed.) p. 362.

[5] The tax imposed by section 202, supra, is clearly a succession tax. Randolph v. Craig, 267 Fed. 993. If construed retroactively, from one standpoint it would impose a tax on property owned by Cornelia Kissam prior to the passage of the act, and might be open to serious constitutional objections on the ground that it imposed a direct tax without apportionment among the states. If construed prospectively, it might be upheld on the theory of Matter of Dolbeer, 226 N. Y. 623, 123 N. E. 381:

"In Matter of McKelway, 221 N. Y. 15, it was held that, even when the joint account was created prior to the adoption of the statute, the transfer by survivorship was taxable to the extent of one-half the joint property. When the joint account is created subsequent to the adoption of the statute, the privilege of acquiring the entire property by the right of succession may be subjected to the tax on the method of acquisition. Matter of Vanderbilt, 172

N. Y. 69, 73; Matter of Keeney, 194 N. Y. 281; 222 U. S. 525. The right to take property by survivorship is the creation of law upon which the state may impose conditions (Matter of Dows, 167 N. Y. 227; Matter of White, 208 N. Y. 64, 67), if no vested or contract rights are thereby violated." Matter of Dolbeer, supra.

[6, 7] It is true that section 201 provides that the tax is imposed upon the transfer of the net estate of "every decedent dying after the passage of this act"; but the assumption must be that this related to estates thereafter created, and not to then existing vested property. If it be argued that in taxing the succession or transfer involved in the passing of the interest of Jonas to Cornelia, the measure of the tax was the extent of the interest of both, the result is the same.

At the time the statute was passed Cornelia Kissam's interest belonged to her. In other words, the time of the transfer of the interest which Cornelia Kissam got from Jonas Kissam, in his lifetime, had passed. From the structure of the act, to say that the measure of the tax is the extent of the interest of both joint tenants, is, in effect, to say that a tax will be laid on the interest of Cornelia in respect of which Jonas had in his lifetime no longer neither title nor control.

When viewed prospectively, Congress would have the power to tax the privilege of a survivor of acquiring the entire property by the instrumentality of a joint tenancy. When viewed retroactively, it must be assumed that Congress would regard as the original owner of the "part" the surviving joint tenant who prior to the passage of the act was vested with or possessed of legal title, whether such ownership was the result of a gift or of a contribution of the "part" of the property embraced within the joint tenancy.

The view here expressed is, perhaps, more favorable to the government than that entertained in Randolph v. Craig, supra. If correct, the statute will be workable from a practical standpoint and what may prove to be serious objections will be avoided.

Motion granted.