## McELLIGOTT v. KISSAM et al.

(Circuit Court of Appeals, Second Circuit. June 30, 1921.)

No. 246.

1. **Courts ⟨⟩354—Federal court judgment must determine entire controversy.**
   The judgment in an action at law in the federal courts must settle the entire controversy, leaving no issues undetermined.

2. **Internal revenue ⟨⟩2—Estate tax is an "excise tax," and not a "direct tax" on property, and is constitutional.**
   The estate tax imposed by Act Sept. 8, 1916, § 201, as amended by Act March 3, 1917, § 300 (Comp. St. 1918, § 6336½b), is an "excise tax," and not a "direct tax" on property, within the meaning of Const. art. 1, § 9, subd. 4, and is constitutional.
   [Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Direct Tax; Excise.]

3. **Internal revenue ⟨⟩8—Estate of decedent includes property in which he had a joint interest.**
   Under Estate Tax Act Sept. 8, 1916, § 202(c) being Comp. St. § 6336½c(c), the gross estate of a decedent for tax purposes includes the entire interest in property held jointly by decedent and any other person with the exception of any part of the property which belonged to such other person before the joint interest was created.

In Error to the District Court of the United States for the Southern District of New York.

Action by Cornelia B. Kissam and John C. Knox, Executrix and Executor of the will of Jonas B. Kissam, against Richard J. McElligott, late acting Collector of Internal Revenue. Judgment for plaintiffs, and defendant brings error. Reversed.

Francis G. Caffey, U. S. Atty., of New York City (Richard S. Holmes, Sp. Asst. U. S. Atty., of New York City, of counsel), for plaintiff in error.

Stark B. Ferriss, of New York City (Joseph T. Stearns, of New York City, of counsel), for defendants in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

---

WARD, Circuit Judge. July 15, 1912, Jonas B. Kissam assigned certain bonds and mortgages of individuals and certain bonds of corporations owned by him to John C. Knox, and subsequently Knox assigned them to Jonas B. Kissam and his wife, Cornelia. In the instruments of assignment Knox, as party of the first part, assigned the bonds and mortgages "to the party of the second part, their survivor, such survivor's executors, administrators and assigns," and to hold "to the party of the second part, the survivor of them, and to the successors, personal representatives, and assigns of the said party of the second part forever," and it was further stated that—

"It is the intention of this assignment that the survivor of the said Jonas B. Kissam and Cornelia B. Kissam shall become the absolute owner of said bond and mortgage and that neither the said Jonas B. Kissam nor the said Cornelia B. Kissam shall have power to affect the right of the survivor thereto."

The instrument of assignment of the corporate bonds contained the same provisions. All parties concede that the ownership was at least joint, and that it could have been severed and turned into a tenancy in common by either party, notwithstanding the reservation that neither party could affect the right of the survivor. June 2, 1917, Kissam died, leaving all his estate to his wife, Cornelia; she and John C. Knox being executors of the will.

The Act of September 8, 1916, known as the Estate Tax Law, by section 201 as amended by Act March 3, 1917, § 300 (Comp. St. 1918, § 6336½b), provides:

"Sec. 201. That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the net estate, to be determined as provided in section 203, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States:

"One and one-half per centum of the amount of such net estate not in excess of $50,000. * * *

"Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

"(b) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

"(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent. * * *"

Comp. St. § 6336½c.

"Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement

of the estate arising from fires, storms, shipwreck or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; and

"(2) An exemption of $50,000. * * *"

Comp. St. § 6336½d.

The executors included in their return to the Commissioner of Internal Revenue one-half of said joint property in the decedent's gross estate as being his property, and paid the transfer tax on the net estate so ascertained; but the Commissioner reviewed their return and included the whole of the joint property in the gross estate, and assessed the net estate returned in this way. The executors paid the additional tax under protest, and after unsuccessfully seeking to obtain a refund brought this action; the complaint containing four causes of action, of which the first involved the considerations above mentioned. They claimed that the assessment was void as to the half of the joint property which vested in Cornelia before the passage of the Act of September 8. 1916, as amended, and also that the act itself was unconstitutional, as a direct tax upon property without apportionment among the several states as required by article 1, section 9, subdivision 4, of the Constitution.

The executors moved for judgment on the first cause of action, which motion the District Court granted, and the collector has sued out this writ of error.

[1] We point out in the first place that the practice pursued was wholly erroneous. What has become of the three causes of action as to which there was no answer or demurrer? Judgment should have been entered in favor of the executors on the merits on the first cause of action, and by default upon the second, third, and fourth causes of action. Actions at law cannot be brought up in the federal courts by writ of error piecemeal; the whole controversy must be settled in one final judgment. As the judgment will be reversed, the whole controversy can be disposed of upon a new trial.

[2, 3] The joint property mentioned in section 202, subdivision (c), is included as a measure of the tax payable by the estate for the decedent's privilege of disposing of his property by will or intestacy. It is an excise tax, and not a direct tax upon property. New York Trust Co. v. Eisner (D. C.) 263 Fed. 620; Prentiss v. Eisner (D. C.) 260 Fed. 589; Id. (C. C. A.) 267 Fed. 16. The language of the subdivision plainly applies to property in which the decedent was interested jointly with any other person, and all of which was originally his; i. e., any part of the property which originally belonged to such other person, and never at any time belonged to the decedent, is not to be included. The expression "originally" refers, not to the time of death, but to the time the joint interest was created. So the words "never to have belonged to the decedent" mean at any time before the creation of the joint estate. The act takes effect upon the death; it does not become retroactive, because it measures a transfer tax payable

by the estate in part by property which the decedent has given away in his life time. This seems to us perfectly fair, and an answer to the constitutional objection.

Judgment reversed.