WALKER v. GROGAN, Collector of Internal Revenue.

(District Court, E. D. Michigan, S. D. August 26, 1922.)

No. 6370.

1. **Internal revenue ⟷8—Only half of property held jointly by decedent and wife prior to passage of Estate Tax Act, though paid for by him, subject to estate tax.**

Only half the property held by decedent and wife as joint tenants prior to passage of Estate Tax Act Sept. 8, 1916, as amended by Act March 3, 1917, is subject to the tax under sections 201–203, though it was all paid for by him.

2. **Husband and wife ⟷14(6)—Under certificate, shares of stock held by spouses as joint tenants.**

Shares of stock conveyed to husband and wife by certificates of stock, certifying that they and the survivor were entitled thereto, were held by them as joint tenants, and not as tenants by the entireties.

3. **Husband and wife ⟷14(6)—Deed to spouses, indicating intention, creates joint tenancy.**

Under the general rule, deed to husband and wife, reciting that the land is to be held by them "as joint tenants with the right of survivorship," indicating the intention, has the effect to make them joint tenants, and not tenants by the entireties.

At Law. Action by Bryant Walker, as executor of Charles A. Kent, deceased, against John A. Grogan, as Collector of Internal Revenue for the First District of Michigan. Decision for plaintiff.

Walker & Spalding, of Detroit, Mich., for plaintiff.

Earl J. Davis, U. S. Atty., and Fred L. Eaton, Asst. U. S. Atty., both of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is an action to recover a certain sum, with interest thereon, paid by the plaintiff as a taxpayer, and under protest, to the defendant, collector of internal revenue, and claimed by the plaintiff to have been illegally imposed and collected by said defendant. Defendant has filed a pleading in the nature of a demurrer, the office of which is now performed, under the Michigan Judicature Act (Pub. Acts Mich. 1915, No. 314 [Comp. Laws 1915, § 12004 et seq.]) and the federal Conformity Act (Comp. St. § 1537), adopting such practice, by a motion to dismiss or answer. Section 12456, Michigan Compiled Laws of 1915. The facts have been agreed upon between the parties to this action and set forth in a stipulation of facts filed in the cause substantially as follows:

Plaintiff is the duly qualified executor of the last will of Charles A. Kent, deceased, who, while a resident of Detroit, in this district, died on May 7, 1917, testate. Previously, and on March 27, 1875, certain real estate situated in said city was conveyed by the owners thereof to said Charles A. Kent and Fanny C. Kent, who was his wife, parties of the second part to the deed of conveyance, which deed recited that—

"Said premises are to be held by the said parties of the second part, being husband and wife, as joint tenants, with the right of survivorship."

Said deed was duly recorded on the day on which it was executed and delivered. Neither the said deceased nor his said wife had, prior

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the time of such conveyance, held or owned any interest in the property covered thereby. On February 5, 1909, certain shares of stock in the Michigan Drug Company and in the Michigan Mutual Life Insurance Company, both Michigan corporations, were conveyed to said Charles A. Kent and his wife by certificates of stock certifying that Kent and his wife and the survivor were entitled thereto. No part of the purchase price of said real estate or of any of said stock was paid by such wife, but the whole of said purchase price was paid by the deceased. The title to the premises and stock so conveyed continued to be held by the said grantees thereof unchanged until the date of the death of Kent on May 7, 1917. The value of such property at said date was approximately $350,000. Shortly thereafter plaintiff paid to the predecessor in office of the defendant a certain sum as the federal estate tax on the transfer, effected at the death of plaintiff's decedent, of the estate left by the latter, including a one-half interest in the property, hereinbefore mentioned, owned by the latter and his wife as joint tenants. Said sum was computed, in part, on the basis of the value, at the date of such death, of a one-half interest in said jointly owned real estate and shares of stock. Thereafter, in compliance with the demand of the United States Commissioner of Internal Revenue, and under protest, plaintiff paid to the defendant a further sum as an additional estate tax, computed on the basis of the value of the other one-half interest in the last-mentioned property, which half had theretofore been disregarded by the plaintiff, on the ground that it formed no proper part of the property upon the value of which the tax should be computed. Subsequently plaintiff duly filed a claim for a refund of said sum, which was denied by the commissioner, and thereupon plaintiff commenced this action to recover from the defendant the amount so paid under protest. It was urged by the plaintiff in the said protest, as it is here, that no tax is legally due to the government in respect of the property so owned by the said Charles A. Kent and his wife as joint tenants at the death of said Kent, except as to an undivided one-half interest therein.

[1] The question involved is whether the full value of this jointly owned property should be included in the value of the so-called gross estate used as a basis for the computation of the estate tax payable. The applicable statutory provisions are sections 201, 202, and 203 of the federal Estate Tax Act, being the Act of September 8, 1916, chapter 463, 39 Statutes at Large, 777–780, inclusive, as amended by the Act of March 3, 1917, chapter 159, 39 Statutes at Large, 1000. Section 201 of that act provides that a tax, amounting to certain specified percentages of the value of the "net estate to be determined as provided in section 203" is thereby imposed "upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States." The material parts of section 202 are as follows:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated;

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against

his estate and the expenses of its administration and is subject to distribution as part of his estate.

"(b) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

"(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent."

Section 203 prescribes the deductions to be made from the value of the gross estate to determine the value of the net estate for the purpose of the tax; the nature and amount of such deductions not being pertinent here.

It will be observed that, in determining the value of the "gross estate" of the decedent for the purpose of computing the tax, section 202 provides, in subdivision (c) thereof, for the inclusion of the value, at the time of the death of such decedent, of all of his property—

"to the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent."

The conflicting claims of the parties hereto as to the meaning and effect of the language just quoted constituted the subject-matter of the arguments and briefs of counsel in this case. The plaintiff contended, in substance, that said language could not refer to estates in joint tenancy or by entireties created in the decedent and another person before the date of the enactment of said section, and that the effect, in essence, of a construction to the contrary, would be to subject to a "transfer" tax property already transferred. The government, on the other hand, insisted that such section operated retroactively, and applied to any such estate created before, as well as after, such date.

After the submission of the cause, and the filing of the last brief, this contention of the government was decided adversely to it by the United States Supreme Court in the case of Knox v. McElligott, 258 U. S. ——, 42 Sup. Ct. 396, 66 L. Ed. ——. That was an action to recover an additional tax assessed, as in the case at bar, against the estate of one Jonas B. Kissam, deceased, and paid by the plaintiffs therein as executrix and executor of the last will of said deceased, to the defendant collector of internal revenue upon compulsion and under protest, for substantially the same reason urged by the plaintiff in the present case. The property there involved was certain personal property owned by the deceased and his wife, Cornelia, as joint tenants; such tenancy having been created before the passage of the Estate Tax Law. The tenancy was not one by entireties, a fact to which further reference will be hereinafter made. In holding that the value of only the one-half interest in said property acquired by the surviving wife on the death of her husband could be included in the value of his gross estate for the purpose of measuring the amount of the estate tax, the

District Court (Kissam v. McElligott, 280 Fed. 212) used the following language, part of which was quoted with approval by the Supreme Court in affirming that decision:

"It is true that section 201 provides that the tax is imposed upon the transfer of the net estate of 'every decedent dying after the passage of this act'; but the assumption must be that this relates to estates thereafter created, and not to then existing vested property. If it be argued that in taxing the succession or transfer involved in the passing of the interest of Jonas to Cornelia, the measure of the tax was the extent of the interest of both, the result is the same. At the time the statute was passed Cornelia Kissam's interest belonged to her. In other words, the time of the transfer of the interest which Cornelia Kissam got from Jonas Kissam, in his lifetime, had passed. From the structure of the act, to say that the measure of the tax is the extent of the interest of both joint tenants, is, in effect, to say that a tax will be laid on the interest of Cornelia in respect of which Jonas had in his lifetime no longer neither title nor control."

Immediately after quoting the hypothetically suggested conclusion last referred to by the District Court, the Supreme Court concluded its own opinion with the following observation:

"The court rejected that conclusion and denied to the act of Congress retroactive operation. To this the Circuit Court of Appeals was opposed, and reversed the judgment based upon it. It will be observed, therefore, that this case involves the same question as that decided in Shwab v. Doyle, and on the authority of that case the judgment of the Circuit Court of Appeals is reversed, and the cause remanded for further proceedings in accordance with this opinion."

In the case of Shwab v. Doyle, 258 U. S. ——, 42 Sup. Ct. 391, 66 L. Ed. ——, thus referred to, decided on the same day as Knox v. McElligott, the question presented was whether clause (b) of section 202, hereinbefore quoted, was retrospective or retroactive in its operation, and, after reviewing the subject at some length, the Supreme Court held adversely to the argument of the government. Its opinion concluded as follows:

"Granting the contention of the defendant has plausibility, it is to be remembered that we are dealing with a tax measure, and whatever doubts exist must be resolved against it. This we have seen is the declaration of the cases, and this the basis of our decision; that is, has determined our judgment against the retroactive operation of the statute. There are adverse considerations, and the government has urged them all. To enter into a detail of them, or of the cases cited to sustain them, and of those cited to oppose them, either directly or in tendency, and the examples of the states for and against them, would extend this opinion to repellent length. We need only say that we have given careful consideration to the opposing argument and cases, and a careful study of the text of the act of Congress, and have resolved that it should be not construed to apply to transactions completed when the act became a law. And this, we repeat, is in accord with principle and authority. It is the proclamation of both that a statute should not be given a retrospective operation, unless its words make that imperative and this cannot be said of the words of the act of September 8, 1916."

[2, 3] One other consideration deserves, if it does not require, mention. As has been seen, the tenancy involved in Knox v. McElligott, supra, was a joint tenancy, and not a tenancy by entireties. As regards the applicability of section 202 (c) to jointly owned estates created prior to the enactment of the statute, it would seem to be im-

material whether any such estate be one in joint tenancy or in tenancy by the entireties. It is, however, not entirely clear that all of the reasoning by which such a result is reached with respect to joint tenancies is applicable to tenancies by entireties. In view of the ownership by each tenant, in an estate by the entireties, of an undivided interest in the whole title, with the consequent anomalous incidents connected with the legal situation thus created, the relation of this statute to, and its effect upon, such an estate would appear to be at least doubtful. If, for example, the interest in such an estate held by each of such tenants be acquired at the time of, and by, the conveyance of the property to them, prior to the death of either, may it be properly said that any "transfer," within the meaning of the statute, occurs with respect to said property at the death of either? If not, to what extent is the value of such an estate material or applicable to an inquiry into the value of the gross or net estate otherwise subject to the federal estate tax? Have these or other questions pertinent to a case involving an estate by the entireties been decided by the Supreme Court? These, however, are questions not now before this court for decision. Clearly, the personal property involved here was held by the deceased and his wife as joint tenants and not as tenants by the entireties. Lober v. Dorgan, 215 Mich. 62, 183 N. W. 942. Under the general rule that a deed to two or more grantees expressing an intention to vest title in them as joint tenants will create in them such a tenancy, it would seem that the language in the deed of the land conveyed to the deceased and his wife, reciting that said land was to be held by them "as joint tenants with the right of survivorship," indicated an intention, and therefore had the effect, to make them joint tenants and not tenants by the entireties. The rule is thus stated by Tiffany in his excellent work on Real Property (1920 Ed., vol. 1, p. 646):

"While a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities are generally to the effect that an intention, clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective. * * * The result of this view is that the existence of a tenancy by entireties is a question purely of intention, though an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention. In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties."

However this may be, the government is hardly in position to complain of the result reached in this case, as after repaying to plaintiff the amount successfully sought and recovered by plaintiff herein, it will still have received and retained tax, under the statute involved, as upon a "transfer" of a one-half interest in the property in question.

An order will be entered in conformity to the terms of this opinion.