ORLANDO C. BARR, Appellant, *vs.* EMMA BARR, Appellee.

*Opinion filed June 22, 1916.*

1. PARTITION—*one joint tenant may compel partition against the other.* Section 5 of the Conveyances act, relating to estates of joint tenancy, does not amount to a repeal of the provision of the Partition act authorizing partition of such estates, and it is not a valid objection to partition of such estates that the right of survivorship is destroyed.

2. SAME—*mortgagees are necessary parties to bill for partition.* Mortgagees and other persons holding incumbrances are necessary parties to a bill for partition, and if the bill shows on its face that they have not been made parties it is proper to take advantage of the defect by demurrer.

3. PLEADING—*when a general demurrer should be overruled.* Where a bill sets forth various claims for relief in a court of equity and a general demurrer is filed, the demurrer should be overruled if any of the claims set forth in the bill are proper for the jurisdiction and consideration of the court.

4. SAME—*when bill should be retained for accounting.* Where a bill prays for partition and an accounting of rents and profits and a general demurrer is filed the demurrer must be overruled, even though the bill shows on its face that there is a want of necessary parties with respect to the partition feature of the bill, where all persons necessary to the accounting feature are parties.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

GENTZEL & CRANE, for appellant.

W. W. MAXWELL, (SIMEON STRAUS, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Orlando C. Barr, filed in the circuit court of Cook county on November 1, 1915, an amended bill against Emma Barr, alleging, in substance, that appellant and appellee are owners in fee simple, as joint tenants and not as tenants in common, of the east nineteen feet of lot 23 and the west eleven feet of lot 22, block 15, in Harriet Farlan's

subdivision of the west half of the southeast quarter of section 26, town 40, north, range 14, east of third principal meridian; that they derived title thereto by deed from Antone Peterson and Nellie Peterson, his wife, by deed designating the character of ownership as follows: "To have and to hold the above granted premises unto said grantees, as parties of the second part, and to the survivor of them, and to the heirs and assigns of such survivor forever, not as tenants in common but in joint tenancy;" that said property is improved by a two-story two-flat dwelling house, located at 2622 Logan boulevard, Chicago; that the premises are now incumbered by a mortgage in the sum of $3500 and that there are other claims against said real estate in the sum of $400; that appellee has occupied one of the flats of said premises and has been renting the upper flat of said premises to a tenant for the sum of $27 per month and has been collecting the rents thereof since June, 1912, and has never paid appellant any part of said rents so collected and has never paid any rent to appellant for the flat she has occupied and has never accounted for such rents.. The prayer of the bill is for partition of said premises between appellant and appellee or of the sale of the premises in case they cannot be partitioned, "subject to the first and second mortgages or other incumbrances against said property," and for an accounting for rents and profits and disbursements of rents and profits by appellee since June, 1912. The court sustained a general demurrer and dismissed the bill for want of equity.

Appellant insists that the trial court dismissed the bill solely on the ground that one joint tenant cannot compel partition against his co-tenant. The appellee, however, contends that the bill was not only properly dismissed because a co-tenant of property held in joint tenancy is without power to compel partition, but also that the demurrer was properly sustained because it appears on the face of the bill that all parties in interest are not made parties defendant

to the bill. The condition of the record is such as to permit appellee to argue any grounds upon which the court may be sustained in its holding that the bill was bad against the general demurrer.

Section 1 of chapter 106 (Hurd's Stat. 1913, p. 1818,) provides: "When land, tenements or hereditaments are held in joint tenancy, tenancy in common or coparcenary, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by bill in chancery as heretofore, or by petition in the circuit court of the proper county," etc. It is argued by appellee that section 5 of the Conveyance act, that "no estate in joint tenancy, in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees (unless otherwise expressly declared as aforesaid) shall be deemed to be in tenancy in common," is in conflict with said section 1 of the Partition act, as the right to create a joint tenancy is inconsistent with the right of such co-tenants to destroy the right of survivorship by partition. The case of *Mette* v. *Feltgen,* 148 Ill. 357, is relied on by appellee as sustaining this position. That case in no way sustains that contention, nor is there anything said therein, so far as we are able to see, by which such a conclusion could be drawn. An estate in joint tenancy may be terminated by all of the co-tenants except one conveying to that one their interests in the premises, and by that means an estate in severalty would be created. Where one of two joint tenants conveys to a stranger, a tenancy in common is created between the other joint tenant and the purchaser. (1 Washburn on Real

Prop.—4th ed.—647.) · The right to partition, conceding
that it destroys the right of survivorship in an estate in
joint tenancy, is not altogether inconsistent with the right
to create an estate in joint tenancy, as insisted by appellee.
Joint tenants could change an estate in joint tenancy to a
tenancy in common or to one in severalty before either of
said sections was passed,—*i. e.*, at common law. There-
fore it is not a sufficient objection to a partition of such an
estate that it destroys the right of survivorship. (30 Cyc.
181.) Section 5 of the Conveyance act merely gives a
party the privilege of creating an estate in joint tenancy
in a certain way, and the statute on partition gives the co-
tenants the privilege of partitioning it after it is created,
and the two sections of the statute are not in such conflict
that the former repeals the latter statute.

In partition proceedings it is necessary to make all per-
sons having any interest in the premises parties to the suit.
(Hurd's Stat. 1913, chap. 106, sec. 6.) Mortgagees have
such an interest as to make them necessary parties. (*Mans-
field* v. *Wallace,* 217 Ill. 610; *Loomis* v. *Riley,* 24 id. 307;
*Cheney* v. *Ricks,* 168 id. 533.) The bill in this case shows
on its face that the persons holding the incumbrances are
not made parties, and the proper practice is to take advan-
tage of it by demurrer. (*Deniston* v. *Hoagland,* 67 Ill.
265.) Want of necessary parties is a matter of substance
and on demurrer is fatal to the bill. (10 R. C. L. sec. 242,
p. 469.) It is a rule, however, that when a bill sets forth
various claims for relief in a court of equity and the de-
fendant files a general demurrer, the demurrer should be
overruled if any of the claims therein set forth be proper
for its jurisdiction and consideration. (*Gooch* v. *Green,*
102 Ill. 507; *Snow* v. *Counselman,* 136 id. 191.) In the
present case the bill alleged facts justifying an accounting
and prayed for that relief in addition to a prayer for par-
tition, and there was no want of necessary parties as to that
feature of the bill. (Hurd's Stat. 1913, chap. 2, secs. 2, 18;

*Angelo* v. *Angelo,* 146 Ill. 629.)   The demurrer should have been overruled.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*