KNOX, SURVIVING EXECUTOR OF KISSAM, ET AL. *v.* McELLIGOTT, LATE COLLECTOR OF INTERNAL REVENUE FOR THE THIRD DISTRICT OF NEW YORK.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 602. Argued April 18, 1922.—Decided May 1, 1922.

Decided upon the authority of *Shwab* v. *Doyle, ante,* 529.
275 Fed. 545, reversed.

ERROR to a judgment of the Circuit Court of Appeals reversing a judgment of the District Court for the plaintiff, Knox, in an action to recover a sum collected as an estate tax.

*Mr. Stark B. Ferriss* for plaintiffs in error.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* and *Mr. Richard S. Holmes* were on the brief, for defendant in error.

Mr. Justice McKenna delivered the opinion of the court.

This case involves the same principles and contentions passed on in Nos. 200, 236 and 303, *ante,* 529, 537, 542.

It, as they, is an action to recover a tax ($11,819.74) assessed by the Commissioner of Internal Revenue as an additional estate tax on the estate of Jonas B. Kissam, deceased, under the Act of September 8, 1916, as amended in 1917. The action was brought in the United States District Court for the Southern District of New York.

The complaint was a voluminous paper and contained at least four causes of action. As to the first, consisting of twenty-two paragraphs, McElligott filed a demurrer. Plaintiff made a motion for judgment on the pleadings. The motion was granted and a final judgment was awarded against " defendant on the merits for the relief prayed for in the first cause of action set forth " in the complaint.

The judgment was reversed by the Circuit Court of Appeals, 275 Fed. 545.

The following four paragraphs are a summary of the allegations of the complaint stated narratively:

In 1912 the decedent, Jonas B. Kissam, was the owner of certain bonds and mortgages and corporate bonds. In that year he conveyed the property to the plaintiff in error, John C. Knox who, shortly thereafter, reconveyed the same to Kissam and his wife Cornelia B. Kissam, as joint tenants. All of the parties resided in the State of New York.

In 1917 Kissam died leaving Mrs. Kissam surviving him. She was made one of the executors of the will as well as sole beneficiary thereunder.

On December 7, 1917, she as executrix and Knox as executor, made a return of the federal estate tax on the entire estate of Jonas B. Kissam. They included in the return the value of one-half of the jointly owned property

which was owned and enjoyed by decedent, but did not include the value of the one-half of the jointly owned property which had been owned and enjoyed by Mrs. Kissam since the creating of the joint estates in July and August of 1912.

A tax of $5,354.14 based upon the return was paid by the plaintiffs in error. On May 9, 1919, the Commissioner of Internal Revenue added to the estate the one-half interest of the value of the estate and assessed as a tax in addition to that which was paid, the sum of $13,668.60. The additional tax was paid under protest and to recover it is the purpose of the action.

The Circuit Court of Appeals stating the contention of the executors said, that " they claimed that the assessment was void as to the half of the joint property which vested in Cornelia [Mrs. Kissam] before the passage of the Act of September 8, 1916, as amended, and also that the act itself was unconstitutional as a direct tax upon property without apportionment among the several States as required by Article I, § 9, subdivision 4, of the Constitution."

But this contention was the alternative of the contention which plaintiffs in error also made, that the Act of September 8, 1916, as amended, was not intended to have retrospective operation. And this was the decision of the District Court, the court saying, " It is true that section 201 provides that the tax is imposed upon the transfer of the net estate of ' every decedent dying after the passage of this Act '; but the assumption must be that this relates to estates thereafter created and not to then existing vested property." And the court added "At the time the statute was passed Cornelia Kissam's interest belonged to her." The court further observed, "From the structure of the Act, to say that the measure of the tax is the extent of the interest of both joint tenants is, in effect, to say that a tax will be laid on the interest of Cornelia in respect of which Jonas had in his lifetime no longer either title or

control." The court rejected that conclusion and denied to the acts of Congress retroactive operation. To this the Circuit Court of Appeals was opposed and reversed the judgment based upon it.

It will be observed, therefore, that this case involves the same question as that decided in *Shwab* v. *Doyle, ante,* 529, and on the authority of that case the judgment of the Circuit Court of Appeals is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*