RITA O'SHAUGHNESSY, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF PETER O'SHAUGHNESSY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38863. Promulgated December 31, 1930.

*Joseph P. Tumulty, Esq., Walter E. Barton, Esq.*, and *Raymond C. Oushwa, Esq.*, for the petitioner.

*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

PHILLIPS: The petitioner contested the deficiency determined by the respondent on the following grounds:

(1) That no part of the value of real estate, situated in the State of Kentucky and owned by the decedent and Rita. O'Shaughnessy as joint tenants with right of survivorship, should be included in the gross estate within the purview of Sections 301, 302 and 302(e) of the Revenue Act of 1926; (2) that if it was the intent of said sections to include all of such jointly owned real

estate in the gross estate, they were repugnant to the Fifth Amendment to the Constitution in that they were so arbitrary and capricious as to deprive the estate of its property without due process of law. In the alternative it was contended (3) that only one-half of the value of such jointly owned property was taxable under said sections; and (4) that if it was the intent to tax more than one-half of such value, said sections were repugnant to the Fifth Amendment.

Sections 301(a), 302, 302(e) and 302(h) of the Revenue Act of 1926 were in force at the time of the death of the decedent and they read as follows:

Sec. 301. (a) In lieu of the tax imposed by Title III of the Revenue Act of 1924, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act, whether a resident or nonresident of the United States; * * *

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further,* That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants;

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(h) Except as otherwise specifically provided therein subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before of after the enactment of this Act.

Sections 2348 and 2349, Kentucky Statutes, read as follows:

Section 2348. Joint tenants may be compelled to make partition; and when a joint tenant dies, his part of the joint estate, real or personal shall descend to his heirs, or pass by devise, or to his personal representative, subject to debts, courtesy, dower or distribution.

Section 2349. The preceding section shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears, from the tenor of the instrument, that it was intended that the part of the one dying should belong to the others, neither shall it affect the mode or proceeding on any joint contract or judgment.

While the formal record fails to show the relationship of the decedent and Rita O'Shaughnessy, it does establish that they were not husband and wife. Briefs filed by both parties state the relationship to have been that of father and daughter. The estate with which we are called upon to deal is one of joint tenancy and not tenancy by the entireties.

The petitioner, in her brief, abandons her first contention that none of the property held in joint tenancy should be included in the gross estate and concedes that one-half thereof may be so included. The third ground urged by petitioner, that only one-half of the value of the jointly owned property was taxable under the provisions of the Act, can not be sustained. The Act taxes the interest of the joint tenants. The thought that the Act intends to tax only the interest of the decedent in such property, which has in the past been accepted by the Board, must be rejected in view of the statement of the Supreme Court in *Tyler* v. *United States*, 281 U. S. 497, that " the intent of Congress to impose the challenged tax is not open to doubt." Nor does it appear that there is any basis for the contention that the word " and " should be read " or " in that clause of section 302(e) which reads " except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth." The words appear to have been used advisedly to assure the interpretation given prior acts by the Commissioner's regulations. See Senate Finance Committee Report accompanying the 1921 Act (H. R. 8245).

There remains only the question whether the statute, so far as it includes more than one-half of the value of the joint property in the gross value of the estate, is constitutional. While the Board will consider such an issue, *Independent Life Insurance Co. of America*, 17 B. T. A. 757, the unconstitutionality of any provision of the tax law must clearly appear before the Board, as part of the executive branch of the Government, would be justified in holding that it should not be enforced. If after consideration there remains a substantial doubt, the law should be followed until the doubt is dispelled by a court decision.

There exists a substantial basis for the argument that one-half of the joint estate had passed from the ownership and control of the

decedent in his lifetime, *Knox* v. *McElligott*, 258 U. S. 546, and that such one-half was not taxable as a part of his gross estate. *Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 U. S. 238; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339 (as to the five trusts). See also *Mary Allen Emery, Executrix*, 21 B. T. A. 1038, decided this day. On the other hand, there is weight in the argument that the reasoning used by the Supreme Court in *Tyler* v. *United States*, 281 U. S. 497 in respect of tenancies by the entireties may be applied in the case of joint tenancies to subject the whole to the tax where the survivor paid nothing. The question of constitutionality involves the consideration of many decisions of the Supreme Court, from which differing conclusions may reasonably be reached. See prevailing and dissenting opinions in *Pennsylvania Co., etc., Executors*, 21 B. T. A. 176. While we have not hesitated to construe those decisions and to apply what we considered to be the better of conflicting views, where the constitutionality of the statute was not involved, *Pennsylvania Co., supra; Ada M. Slocum*, 21 B. T. A. 169; *Georgianna M. Romberger et al., Executors*, 21 B. T. A. 193; *Mary A. Emery, Executrix, supra*, we recognize that there exists much ground for difference of opinion as to the extent to which those decisions apply beyond the facts presented in each. See *Edgar M. Morsman, Jr., Administrator*, 14 B. T. A. 108, and *Commissioner* v. *Morsman*, 44 Fed. (2d) 902. It does not clearly appear that the taxing Act is unconstitutional. Since this case falls squarely within the terms of the Act, the action of the Commissioner is approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

VAN FOSSAN concurs in the result only.

---

BLACK, concurring: I concur in the result reached by the majority opinion, but I do not share the doubts expressed therein as to the constitutional validity of that part of section 302 of the Revenue Act of 1926 which requires the inclusion as a part of the decedent's gross estate of the value at the time of his death of the interest held as joint tenants by the decedent and any other person " whether made, created, arising, existing, exercised or relinquished before or after the enactment of this Act." I think that *Tyler* v. *United States*, 278 U. S. 339, although involving tenancies by the entirety rather than joint tenancies, is decisive of the question of the constitutional validity of the statute in question.

In the instant case the decedent died August 1, 1926, and the joint tenancy was created July 22, 1921, while the Revenue Act of 1918

was in full force and effect.   In this sort of a situation I do not think the decision in *Knox* v. *McElligott*, 258 U. S. 546, is applicable.   My reasons for holding this view are more fully stated in a dissenting opinion which I have filed in *Mary Allen Emery, Executrix*, 21 B. T. A. 1038, and which it is unnecessary to repeat at this time.