HAROLD T. GRISWOLD, W. W. S. CARPENTER AND LAIRD BELL, EXECUTORS OF THE ESTATE OF WILLIAM H. REDINGTON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21942. Promulgated June 9, 1931.

*Laird Bell, Esq.*, and *Stiles W. Burr, Esq.*, for the petitioners.
*R. F. Staubley, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioners do not question the value of $90,000 placed by the respondent on the property held jointly, but contend

that under the Revenue Act of 1921 no part of such property is to be included in the decedent's taxable estate.

With respect to the inclusion in the gross estate of property held jointly section 402 of the Revenue Act of 1921 provides as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*    \*    \*    \*    \*    \*    \*

(d) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth; *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further,* That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy in the entirety by the decedent and spouse, or where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of one-half of the value thereof.

In *Mary Allen Emery, Executrix,* 21 B. T. A. 1038, we had occasion to construe the above quoted provisions of section 402 in connection with facts similar to those in the instant case. In the *Emery* case certain other parties on April 1, 1920, conveyed by deed certain real estate situated in Illinois to John T. Emery and his wife, Mary Allen Emery, in joint tenancy. Thereafter on December 25, 1921, Emery died. In determining a deficiency in estate tax against Emery's estate the respondent included in the gross estate the full value of the property held in joint tenancy. We found that in Illinois the common law conception of joint tenancy prevails and that each joint tenant has a legal right of severance which may be exercised at any time by either tenant prior to his death and thereby defeat the rights of the survivor in the interest of the other joint tenant. We accordingly concluded that under the decision in *Tyler* v. *United States,* 281 U. S. 497, the death of Emery resulted in the "enlargement of property rights" to his wife in a sense which required the inclusion in the gross estate of the decedent of at least one-half of the value of the property held jointly by him and his wife at the time of his death.

We also considered the question as to whether the other one-half of the property held in joint tenancy which had vested in the sur-

vivor upon the creation of the joint tenancy and as to which a right of severance existed on the part of the survivor could be included in the gross estate of the decedent when such tenancy was created prior to the enactment of the applicable act under which the estate tax was being imposed. In connection with this question we considered and relied on the decision in *Knox* v. *McElligott*, 258 U. S. 546, wherein was involved section 202 (c) of the Revenue Act of 1916, as amended by the Revenue Act of 1917, in which the provision with respect to the taxation of joint property, in so far as material, was not unlike that contained in the above quoted provisions of section 402. The joint tenancy involved in *Knox* v. *McElligott* was created prior to the effective date of the applicable act. The court held that the statute could not be given a retroactive effect, and that one-half of the jointly owned property which vested in the survivor upon creation of the joint tenancy and as to which a right of severance existed on the part of the survivor throughout the existence of the joint tenancy should not be included in the gross estate of the decedent for estate-tax purposes. In the case of *Shwab* v. *Doyle*, 258 U. S. 529, the court considered the retroactive application of a somewhat similar statute and held that it was not retroactive. Upon the authority of these decisions we held in the *Emery* case that since the joint tenancy of Emery and his wife was created prior to the enactment of the act in effect when he died and since such act was not made specifically retroactive, only one-half of the property held jointly by them should be included in the gross estate subject to the estate tax.

The petitioner concedes the similarity of the facts in the instant case to those in the *Emery* case and that our decision in that case is contrary to their contention that no part of the value of the property held jointly by Redington and his wife at the time of his death is to be included in the gross estate subject to tax. They insist, however, that our construction of the above quoted provisions of section 402 in connection with the decisions in *Shwab* v. *Doyle, supra; Knox* v. *McElligott, supra,* and similar cases is in error in that it holds that one-half of the value of the property held jointly is to be included in the gross estate subject to tax notwithstanding the fact that decedent's interest in such property was created prior to the effective date of the act under which it is taxed.

While in our decision in the *Emery* case we did not specifically discuss the question of retroactivity in reaching the conclusion that one-half of the value of the property held jointly was to be included in the gross estate subject to tax, we think that in view of the reasoning of the court in *Tyler* v. *United States, supra,* and upon which our decision was based, it is immaterial in so far as one half interest is

638

concerned whether the interest of the decedent be created before or after the enactment of the act in effect at the time of his death. In the *Tyler* case the court said that the question is " whether the death has brought into being or ripened for the survivor property rights of such character as to make appropriate the imposition of a tax." While the *Tyler* case involved estates by the entirety, the principle there enunciated is equally applicable here with respect to one half interest. Prior to the death of the decedent in the instant case he had a legal right of severance which he could have exercised at any time prior to his death and could have thereby defeated the right of the survivor, his wife, in his interest in the property. He could have conveyed his share and his wife could have conveyed hers. *Lawler* v. *Byrne*, 252 Ill. 194; 96 N. E. 892; *Szymczak* v. *Szymczak*, 306 Ill. 541, 138 N. E. 218. Either husband or wife could have mortgaged his or her interest or subjected it to a mechanic's lien. *Hardin* v. *Wolf*, 318 Ill. 48; 148 N. E. 868. Either party could have brought suit for partition. *Barr* v. *Barr*, 273 Ill. 621; 113 N. E. 36. Each joint tenant was entitled to half the rents and profits. *Barr* v. *Barr, supra.* The decedent's death extinguished those substantial rights and resulted in the entire interest in the property, property rights and benefits not theretofore owned, being vested in the survivor. We therefore think that the date on which the interest of the deceased joint tenant was created is not material, in so far as one half interest—that owned and seized by the decedent, is concerned, since his right and interest in the property was not transferred or released to the survivor until his death, see *Ada M. Slocum, Executrix*, 21 B. T. A. 169, but that such half of the joint tenancy should be included in the gross estate. *Mary Allen Emery, supra.*

With respect to the interest owned by the wife in the joint tenancy, the case at bar is even stronger than the *Emery* case. In this case the joint tenancy was created in 1909 before the enactment of any legislation which imposed a tax upon estates of any character. In the *Emery* case the joint tenancy was created in 1920. We think that this interest, having been created prior to any taxing statute, is not subject to the estate tax under the 1921 Act.

The parties having stipulated that if we hold that only one-half of the value of the jointly owned property is to be included in the decedent's gross estate subject to tax, the amount of the deficiency is $5,236.55, accordingly,

*Judgment will be entered determining a deficiency of $5,236.55.*