**CLARKE v. WELCH, Collector of Internal Revenue.**

**No. 3484–M.**

District Court, S. D. California,
Central Division.
Jan. 14, 1933.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., Ignatius F. Parker, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is an action for refund of estate taxes alleged to have been erroneously assessed and collected under the Revenue Act of 1926 on the estate of Chauncey D. Clarke, deceased.

There has been filed a stipulation of facts and in addition there was oral testimony introduced at the trial of the cause. As the case now stands according to the closing brief of the attorneys for the plaintiff, there are but two questions for decision; all other issues having been disposed of by stipulation or by concessions on the part of the defendant. The two remaining questions for decision are: (1) What portion, if any, of the joint tenancies existing between Chauncey D. Clarke during his lifetime and his wife, Marie Ran-

kin Clarke, is subject to said estate tax; and (2) whether the properties of said joint tenancies should be valued for estate tax purposes as of the time of transfer of the respective properties by acts of parties or as of the date of Mr. Clarke's death.

When the testimony of Mrs. Clarke is considered, it is clear that substantially all of the property that she added to the joint tenancies was received by her from her husband, Chauncey D. Clarke, the decedent, and there is no satisfactory proof that she never received or acquired it from her husband for less than an adequate and full consideration in money or moneys worth according to the requirements of section 302 of the Revenue Act of 1926 (26 USCA § 1094). Mrs. Clarke was unable to give any certain or definite explanation of the consideration that passed between her and her husband respecting property that had been transferred to her by Mr. Clarke from time to time during their married life. In consequence of this failure of Mrs. Clarke to sustain the burden imposed upon her by subdivision (e) of section 302 of the Act of 1926 (26 USCA § 1094 (e), I am of the opinion that the whole of the property owned by the decedent and the plaintiff in joint tenancy at the time of the death of Mr. Clarke is to be included in his gross estate under the provisions of the Revenue Act of 1926.

Since the decision of the Supreme Court in Gwinn v. Commissioner, 287 U. S. 224, 53 S. Ct. 157, 77 L. Ed. 270, on December 5, 1932, many and the most important of the issues in the case at bar have been determined adversely to the plaintiff, and it is therefore unnecessary to further discuss many of the legal questions that are comprehensively argued in the briefs. See, also, O'Shaughnessy v. Commissioner (C. C. A. 6) 60 F.(2d) 235, decided June 27, 1932.

If, as is now definitely settled by the Gwinn Case, supra, the interest of a joint tenant ceases by reason of death and only because of that event, and the interest of the survivor accrues by reason of the death and not by reason of the transfer theretofore made which created the joint tenancy, it seems to logically follow because the joint tenancies between Mr. and Mrs. Clarke were never dissolved or affected until the demise of Mr. Clarke that therefore the whole of the property owned by the Clarkes in joint tenancy at the time of the death of Mr. Clarke is to be included in his gross estate under the provisions of section 302 (e) of the Revenue Act of 1926. The clear and explicit language of

section 302 (e), supra, as well as the regulations promulgated thereunder by Article 13, Regulation 70, provide that the value of all property includable in the gross estate is the fair market value thereof at the time of death. In the light of this positive and certain legislation there is in my opinion no room for judicial interpretation under the evidence in this case, and it is accordingly ordered that findings and judgment are ordered to be prepared by solicitors for plaintiff pursuant to stipulation and concessions made at the trial of the action and in accordance with the views expressed in this memorandum.