**JACOBS v. UNITED STATES.**
No. 6418.

Circuit Court of Appeals, Seventh Circuit.
June 28, 1938.

Ellis N. Slack, of Washington, D. C., James W. Morris, Asst. Atty. Gen., Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

Hugh W. McCulloch and Lewis C. Murtaugh, of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

On July 29, 1909, prior to the enactment of any legislation including joint tenancies in the gross estate upon which an estate tax is to be computed and payable, Jacobs purchased, with his own funds, certain real estate of the value of $19,000. Conveyance was made to him and his wife as joint tenants. Upon his death, on June 17, 1924, the commissioner included in his gross estate the entire value of the property. The executors paid the tax under protest and sued to recover; the District Court allowed a recovery of 50 per cent thereof. The sole question presented by the appeal is whether the commissioner rightfully included within the estate of Jacobs, the entire value of this property.

The first provision for inclusion of such transfers in the computation of an estate tax was enacted in 1916, some seven years subsequent to the acquisition of the property. It provided that there should be included in the value of the gross estate of the decedent, at the time of his death, all interest in real estate held as joint tenants by the decedent and any other person or as tenants by the entirety by the decedent and his spouse, except such part thereof as might be shown to have belonged originally to such other person and not to have been received or acquired by the latter from the decedent for less than a fair consideration. This provision has been carried forward in the applicable act. Revenue Act of 1924, c. 234, 43 Stat. 253. Prior to 1924 there was no express provision that the provision should apply to transfers made before enactment of the legislation, but by Section 302(h) of the act of 1924, Congress provided that such property should be included, irrespective of whether the transfer occurred prior or subsequent to the enactment.

In Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758, the Supreme Court in dealing with an estate by the entirety, created out of funds contributed solely by the decedent, subsequent to the first legislation including such transfers, held the full value of the estate taxable. The court pointed out that in such estates, each of the decedent and the spouse has the right to possess and use the whole property but that neither is able to dispose of any part thereof without the consent of the other; that, according to an "amicable fiction" of the common law, (abiding in Pennsylvania and Maryland), husband and wife are but one person and their estate by the entirety constitutes a unit; and, therefore, that the title of the survivor becomes effective as against the other only at and because of the latter's death, saying (page 359) "the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of

the other." In Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270, the court followed the Tyler Case, approving the inclusion of one-half of an estate in joint tenancy under the law of California, under which the rights of the survivor of two joint tenants are not irrevocably fixed at the creation of the tenancy. But the only amount included in the assessment there before the court was the one-half of the joint estate. On February 7, 1938 the Supreme Court decided Helvering v. Bowers, 303 U.S. 618, 58 S.Ct. 525, 82 L.Ed. ——, and Foster v. Commissioner, 303 U.S. 618, 58 S.Ct. 525, 82 L.Ed. ——. The Bowers Case had to do with an attempt to include the full value of an estate held by the entirety created prior to 1916 and the Foster Case with a similar attempt as to the full value of an estate by joint tenancy created after 1916. In each instance the entire value of the property was held properly included.

▮ An estate of entirety differs from that of joint tenants. In Illinois, where the property involved was located, a joint tenant has a right to sell his interest. Lawler v. Byrne, 252 Ill. 194, 96 N.E. 892; Szymczak v. Szymczak, 306 Ill. 541, 138 N.E. 218. He may mortgage it or subject it to a lien. Hardin v. Wolf, 318 Ill. 48, 148 N.E. 868; Liese v. Hentze, 326 Ill. 633, 158 N.E. 428. He may sue for partition. Barr v. Barr, 273 Ill. 621, 113 N.E. 36. Illinois does not know estates by the entirety. In such estates the title of each grantee is to the whole and no act of the one can destroy or affect the right of survivorship in the other. When the one dies, he merely ceases to divide the enjoyment of the estate of which he was completely seized by virtue of the creative instrument. On the other hand the title of each joint tenant is to a share of the estate only. If one dies, the survivor becomes seized of the whole. But the creative instrument gives him title to only his share and the share which he receives as a result of the death of his co-tenant is a new one. Co-tenants possess the incidents of enjoyment such as sale, mortgage, lease and partition. U. S. v. Robertson, 7 Cir., 183 F. 711; Robertson v. U. S., 220 U.S. 616, 31 S.Ct. 720, 55 L.Ed. 611. This distinction must be kept in mind, for it affects vitally the question before us.

In Knox v. McElligott, 258 U.S. 546, 42 S.Ct. 396, 66 L.Ed. 760, a husband and wife in 1912 acquired certain property as joint tenants purchased solely with the funds of the husband. He died in 1917 and a tax was assessed upon the entire value of the property owned by him and his wife as joint tenants. There as here the taxpayer paid the tax under protest and sued to recover, the District Court rendering judgment as prayed, allowing the tax upon half of the property and not upon the other half. The Circuit Court of Appeals reversed the judgment holding the entire estate taxable, but the Supreme Court reversed the latter court, saying (page 397):

"The Circuit Court of Appeals, stating the contention of the executors, said that 'they claimed that the assessment was void as to the half of the joint property which vested in Cornelia (Mrs. Kissam) before the passage of the Act of September 8, 1916, as amended, and also that the act itself was unconstitutional, as a direct tax upon property without apportionment among the several states, as required by article 1, section 9, subdivision 4, of the Constitution [U.S.C.A.Const. art. 1, § 9, cl. 4].'

"But this contention was the alternative of the contention which plaintiffs in error also made, that the Act of September 8, 1916, as amended, was not intended to have retrospective operation. And this was the decision of the District Court, the court saying: 'It is true that section 201 provides that the tax is imposed upon the transfer of the net estate of "every decedent dying after the passage of this act"; but the assumption must be that this relates to estates thereafter created and not to then existing property.' And the court added: 'At the time the statute was passed Cornelia Kissam's interest belonged to her.' The court further observed: 'From the structure of the act to say that the measure of the tax is the extent of the interest of both joint tenants is, in effect, to say that a tax will be laid on the interest of Cornelia in respect of which Jonas had in his lifetime no longer either title or control.' The court rejected that conclusion and denied to the acts of Congress retroactive operation. To this the Circuit Court of Appeals was opposed and reversed the judgment based upon it.

"It will be observed, therefore, that this case involves the same question as that decided in Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, [26 A.L.R. 1454], and on the authority of that case the judgment of the Circuit Court of Appeals is reversed and the case remanded

for further proceedings in accordance with this opinion."

Subsequent thereto the Tyler Case, dealing with estates by the entirety, was decided, but still later in Cahn, Executor v. United States, 297 U.S. 691, 56 S.Ct. 384, 80 L.Ed. 985, the Supreme Court adhered to Knox v. McElligott, supra, and reversed the Court of Claims, whose decision is published in 10 F.Supp. 577. The lower court held that the entire value of joint tenancy property should be included. The Supreme Court reversed, upon the authority of the Knox Case. That case seems parallel with the present case as to the facts and must control our decision here.

■ We conclude that Mrs. Jacobs received title to her interest in 1909; that when the statute was enacted, a half-interest already belonged to her and that Congress could not by legislation thereafter include in her husband's estate something that had passed to her as her absolute property years before the legislation was enacted. Helvering v. Bowers, supra, in our opinion, does not militate against this conclusion, in view of the Knox and Cahn Cases.

■ Nor in our opinion can the provision of the statute making it applicable to estates created prior to the enactment of the legislation affect the situation. This section cannot be applied to a completed transfer of title existing before the tax provision was enacted. Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 155, 80 L.Ed. 449; Nichols v. Coolidge, 274 U.S. 531, 47 S. Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; Hassett v. Welch, 58 S.Ct. 559, 82 L.Ed. ——. Thus in Industrial Trust Company v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191, the court held that the statute was not applicable to the proceeds of insurance policies irrevocably assigned prior to 1916. See also Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934, to the same effect.

■ The property interest of Mrs. Jacobs was created prior to the enactment of the legislation, prior to the time when she and her husband had knowledge that Congress expected to attempt to reach such transfers. At such a time her estate was created, and under it she obtained a vested property right. The other half interest, which she did not receive until the death of her husband, was property taxable, but to say that Congress by legislation subsequent to the creation of a vested estate, may tax the transfer retroactively is opposed to all the reasoning in the cases cited.

Nor does the decision of the Supreme Court in the case of Foster v. Commissioner, supra, persuade us to a different conclusion. The joint tenancy there under consideration and held taxable was one created in 1931, long subsequent to the enactment of the legislation. There was no question of the retroactive effect of the act. Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270, cited in the Foster opinion, sustained the inclusion only of the half of an estate in joint tenancy represented by the decedent's interest, created before 1916. This half interest the court said passed at his death, and, therefore, was properly taxable. There was there no attempt to tax the interest which had passed to his wife prior to the enactment of the legislation. The same is true of the joint tenancy estate under consideration in Commissioner v. Emery, 7 Cir., 62 F.2d 591. There the joint tenancy was created subsequently to the passage of the act.

In consideration, therefore, of our conclusion that the interest of Mrs. Jacobs vested in her prior to the enactment of the legislation, the District Court was right in its judgment excluding that half interest from taxation. The only part properly taxable was the remainder of the estate which passed to her upon the death of her husband.

The taxpayer admits that under Foster v. Commissioner, supra, the question involved as to the joint tenancy created in 1917 was erroneously decided.

The judgment of the District Court is reversed in so far as it applies to the property known as the Monticello Avenue property and as to the Humboldt Boulevard property, it is affirmed.